### HILL *versus* MASON.

Section 87 of c. 14, R. S., is still in force, excepting as modified by c. 123, of Acts of 1844.

To work a forfeiture of lands owned by non-residents, for non-payment of taxes, it must appear, that the collector *certified* to the treasurer the delinquencies of the payment of taxes upon such real estate, and that they were advertised within three months thereafter.

And the party claiming *such forfeiture*, must show that a copy of the delinquencies was lodged with the clerk of the town in which the lands are situated.

ON FACTS AGREED.

COVENANT BROKEN.

The defendant, on July 1, 1851, conveyed to plaintiff the east part of lot No. 14, Herrick's plan, situate in Clifton, by deed, with the covenants of warranty.

The incumbrance complained of is certain taxes, alleged to have been due, for assessments upon the land, at the time the deed was executed.

In 1824, Herrick made a survey and plan of a portion of the town of Clifton, and laid the same off into lots, 58 in number, designating them on the plan by numbers only.

The first town tax upon those lands was assessed in 1849. The land of non-residents in that assessment was not described by lots, but was all included in one gross number of acres and the tax assessed in one sum, except two half lots, part of the fifty-eight lots, one of which was that conveyed by defendant to the plaintiff which was assessed thus:—

| "J. Mason, or unknown | 90 acres. | Value, $75,00 | Money tax, ,97. | Highway tax, $2,17. |
|---|---|---|---|---|

The remainder of said lots, excepting part of lot No. 19, assessed to D. L. Stevens, non-resident, was assessed to "Hill & Mason, or unknown."

In 1850 the assessment was similar. Mason owned no interest in the lands so taxed, except in the ninety acres, and Hill owned no interest in the ninety acres, or that taxed to Stevens.

In 1851, the assessors put down the value of each of these lots, but carried out no separate assessment, and at the bottom of the list carried out one whole sum as the assessment upon all the lots including the Mason and Stevens half lots, all of which were assessed to John Mason and John B. Hill, (the parties to this suit,) or unknown.

A school district tax was assessed in the same manner.

These taxes, with a deficiency of highway taxes for the year 1850, not assessed upon any particular lots, were committed to the collector with a warrant signed by two of the assessors, but the lists of taxes so committed were not signed by the assessors.

The taxes not having been paid were returned by the collector to the treasurer, about May 3, 1852. After they were returned, the assessors, or some of them, carried out a separate assessment of each lot and half lot, but it was not afterwards committed to the collector.

The treasurer proceeded to advertise the same on June 14, 1852, giving the No. of lot, range, acres, value, and tax against each; and at the bottom of the advertisement, added, " deficiency in highway tax in the above described lots, for the year 1850. — Total, $57,18."

It was agreed, that if upon this state of facts the taxes were legally assessed, the Court were to assess the damages, but if they were not a charge upon the land, a nonsuit should be entered.

*J. B. Hill,* pro se.

*Peters,* for defendant.

TENNEY, J. — The covenant of warranty against incumbrances, contained in the deed to the plaintiff from the defendant, dated July 1, 1851, of the east part of No. 14, on Herrick's plan, in the town of Clifton, it is insisted has

been broken, by reason of the non-payment of taxes assessed thereon, which has been followed by a forfeiture of title to the town.

If it should appear, that no forfeiture has taken effect or can take effect by means of the taxes, shown by the agreed statement, to have been assessed upon the land described in the deed, the suit cannot be maintained.

By R. S., c. 14, § 76, when no person shall appear to discharge the taxes duly assessed upon real estate, within six months from the date of the assessment, the collector shall make a true copy of so much of the assessment, as relates to the taxes due on such real estate, and certify the same to the treasurer of the town. By § 77, the treasurer is required to record the same, &c., and advertise in the newspaper, &c. By § 82, if any taxes on lands shall remain unpaid, &c., the treasurer shall publish notice of the same, &c., therein stating the amount of tax, which have remained due for the space, &c., and the date of the assessment thereof, &c. By § 87, in any trial, &c., involving the validity of the title of the town, to any land forfeited for the non-payment of taxes, it shall be sufficient for the town to produce the assessment signed by the assessors, and prove that notice of such assessment was advertised by the treasurer, as provided in sections 87 and 82.

By statute of 1844, c. 123, sections 2 and 3, the former statute was modified, the treasurer being required to cause advertisements to be published three weeks successively, within three months from the time the collector shall have certified to him, the delinquencies, &c., and shall also lodge with the clerk of the town, &c., where said lands lie, a copy of said advertisement; and by § 21, of the same statute, all Acts and parts of Acts inconsistent therewith are repealed.

Section 87 of c. 14 of R. S. not being inconsistent with any part of the provision of the statute of 1844, excepting so far as the latter is a modification of the former, must be regarded as in force; and proof of proceedings, not

dispensed with in the statute of 1844, essential to the validity of a title in the town, is required. The statement of facts fails to show certain things, which are indispensable to work a forfeiture of the land in the former owner, which are applicable to all the taxes referred to in the statement. It does not appear, that the collector ever certified to the treasurer, delinquencies of payment of taxes upon real estate in the town of Clifton; consequently the proof is wanting, that advertisements were published within three months thereof. There is nothing showing that a copy of the delinquencies was lodged with the town clerk, as is required by the statute.

Other errors in the assessment of the taxes upon the land conveyed by the defendant, and subsequent proceedings, are relied upon in defence of the action. These may perhaps avail, but their consideration is not required for a decision of the case. By the facts presented, no absolute title adverse to that of the plaintiff, and nothing which can ripen into such title, or become an incumbrance upon the land, is shown. By the agreement of the parties, the plaintiff must become *Nonsuit.*

SHEPLEY, C. J., and RICE, HATHAWAY and APPLETON, J. J., concurred.